**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**ALFONSO GUADIANA, # 155266**                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 1:21cv163-TBM-RPM**

**CENTURION and RONALD WOODALL**                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court sua sponte. Pro se Plaintiff Alfonso Guadiana is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this Complaint, pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. After review of the record and relevant legal authority, the Court finds that this case should be dismissed.

## I.  BACKGROUND

Guadiana is currently housed at the South Mississippi Correctional Institution. Defendant Centurion is MDOC's former medical contractor, and, its employee, Defendant Dr. Ronald Woodall works at the prison.

Guadiana claims that he lost his hearing in his left ear as a result of an attack by fellow inmates. Guadiana alleges that an outside specialist prescribed him both surgery and a hearing aid but Guadiana still has not received either. He maintains that he was denied the surgery because it was too expensive and was told he could not get the hearing aid until he left prison.

On May 17, 2021, Guadiana initiated this civil action under § 1983, alleging deliberate indifference to his serious medical needs. He seeks injunctive relief as well as compensatory and

punitive damages.

This is not the first time Guadiana has brought a claim for failing to treat his hearing loss. This claim was first raised against Dr. Woodall and the former Warden in this Court, in *Guadiana v. Banks*, civil action number 1:18cv121-RHW. The Court dismissed the case with prejudice, on summary judgment, finding there was "ongoing, continuous treatment of Plaintiff's left ear hearing loss. Thus, Defendants were not deliberately indifferent to Plaintiff's medical condition." *Guadiana v. Banks*, 1:18cv121-RHW, 2020 WL 1248264, *3 (S.D. Miss. Mar. 16, 2020). Among other things, the Court found he "was offered hearing aids [and the] medical specialists did not prescribe surgery." *Id.* In fact, Guadiana had admitted under oath that he was offered hearing aids at SMCI. *Id.* He appealed, and the Fifth Circuit Court of Appeals dismissed the appeal as frivolous. *Guadiana v. Banks*, 841 F. App'x 726, 727 (5th Cir. Mar. 30, 2021).

## II.  DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may

consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Guadiana to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Guadiana once again claims Dr. Woodall was deliberately indifferent to his hearing loss. As before, Guadiana contends he was denied prescribed surgery, and the Court is asked to consider whether he was refused a hearing aid. Additionally sued is Centurion, because it is Woodall's employer.

*Banks* already held Dr. Woodall was not deliberately indifferent to Guadiana's condition, and specifically found, and he admitted, that hearing aids were offered. *Banks*, 2020 WL 1248264, at *3. "[I]n forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993). A prisoner proceeding under § 1915 is not entitled "to avoid the ordinary rules of res judicata." *Id.* Were Plaintiff to proceed on the merits of this case, he would be relitigating a claim already dismissed in *Banks*, *i.e.*, whether Woodall was deliberately indifferent to his hearing loss. The Court finds this case is frivolous, and it will be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE** as frivolous. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 15th day of December, 2021.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE